UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE URIAS,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | No. 2:24-cv-3000 AC<br><br><br>ORDER |

      This matter is before the court on the Commissioner of Social Security's ("Commissioner") motion to dismiss for lack of subject matter jurisdiction. ECF No. 9. Upon review of the motion, plaintiff's opposition (ECF No. 12) and all related documents, the court DENIES the Commissioner's motion and re-sets the deadlines in this case for the reasons explained below.

                                 **I.    Background**

      On November 24, 2023, an Administrative Law Judge issued a decision denying the plaintiff's claim for benefits under Title XVI of the Social Security Act. ECF No. 9-2 at 1. Plaintiff requested review of this decision by the Appeals Council. ECF No. 9-1 at 3. In a letter dated August 26, 2024, the Appeals Council notified plaintiff and plaintiff's hearing counsel of its action on the plaintiff's request for review and of the right to commence a civil action within sixty

(60) days from the date of receipt. Id.; ECF No. 9-3 at 1-2. The letter advised plaintiff that the Appeals Council would presume for such purposes that he received the notice five days after its issuance. ECF No. 9-3 at 2.

## II.     The Motion

The Commissioner moves to dismiss on procedural grounds, arguing that plaintiff did not file this action within the 60 days allotted by law. ECF No. 9 at 5. Defendant categorizes this motion as one to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Id. at 1. However, at issue is whether plaintiff has complied with the "terms of [the government's] consent to be sued in any court [which] define that court's jurisdiction to entertain the suit.'" Id. at 4 (quoting Hercules Inc. v. U.S., 516 U.S. 417, 422 (1996) (quoting U.S. v. Testan, 424 U.S. 392, 399, (1976))). Accordingly, this motion is better understood as a motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

## III.     Analysis

"Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days *after the mailing* to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The Commissioner, in turn, presumes for such purposes that receipt of such notice occurs five days after the date of such notice. 20 C.F.R. § 422.210(c).

The parties agree on the relevant procedural timeline and consequent filing deadline. See ECF Nos. 9 at 5, 12 at 1-2. The Appeals Council's notice, dated August 26, 2024, gave plaintiff 60 days from receipt of such notice to file a civil action. ECF No. 9-3 at 2. Pursuant to 20 C.F.R. § 422.210(c), it assumed plaintiff would receive such notice five days after its issuance. Id. The deadline to file this action was therefore 65 days after August 26, 2024, or October 30, 2024. ECF Nos. 9 at 5, 12 at 2.

The date electronically imposed on the Complaint by this court's electronic filing and case management system (CM/ECF), and stated on the docket, is October 31, 2024. See ECF No. 1. Defendant accordingly argues that the Complaint was untimely by 1 day and must be dismissed.

ECF No. 9 at 5.  Plaintiff presents the notification email received from CM/ECF as evidence that he in fact filed his complaint on October 30, 2024, at 9:31 P.M. PDT.  ECF No. 12-1 at 1.  Defendant does not object to this evidence or otherwise respond to plaintiff's opposition brief.

Local Rule134(b) provides that "[a] document will generally be deemed filed on a particular day if filed before midnight (Pacific Time) on that business day."  Plaintiff has provided credible evidence that in fact he filed the complaint before midnight on the due date.  That the complaint was logged by the electronic filing system the following day, after having been filed after hours, does not defeat its timeliness.  Accordingly, the Commissioner's motion to dismiss must be DENIED.

### IV.   Revised Scheduling

On November 1, 2024, the undersigned issued a scheduling order giving the Commissioner 60 days from service of the Complaint to file the administrative record or other response.  ECF No. 3 at 2.  Remaining deadlines in the order were triggered by the filing of those documents.  Id.  On December 18, 2024, the court granted a stipulation extending defendant's deadline to respond to the Complaint to February 14, 2025.  ECF No. 8 at 2-3.  Defendant filed his motion to dismiss on that date.  ECF No. 9.

Having denied the motion, the court hereby re-sets the deadline for the Commissioner to file the administrative record and answer or cross-motion to July 14, 2025.  All remaining deadlines will run from that date, pursuant to the court's original scheduling order at ECF No. 3.

### V.   Conclusion

The court hereby orders as follows:

1. The Commissioner's motion to dismiss is DENIED; and
2. The Commissioner must file the administrative record and an answer or cross-motion on or before July 14, 2025.

IT IS SO ORDERED.

DATED: May 15, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE